Bravo Realty Corp. v Boubacare (2023 NY Slip Op 50138(U))

[*1]

Bravo Realty Corp. v Boubacare

2023 NY Slip Op 50138(U)

Decided on February 27, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570545/22

Bravo Realty Corp. Petitioner-Landlord-Appellant,
against
Bathily Boubacare a/k/a Bathily Boubacar, Respondent-Tenant-Respondent, - and - Sylla Alhassane, Mamadou Camara, Mamady Camara, Drahmane Toure, Respondents-Undertenants-Respondents.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered on or about March 15, 2022, after a nonjury trial, dismissing the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Anne Katz, J.), entered on or about March 15, 2022, reversed, with $30 costs, and a new trial ordered.
Landlord commenced this holdover proceeding alleging that tenant Bathily Boubacare did not occupy the premises as his primary residence. Tenant answered alleging that he became ill while on a trip to Mali in December 2018, has been unable to return to the United States because of his illness, and that he "intends to return to New York as soon as he can." Tenant's answer also alleges that additional respondent Drahmane Toure [Toure] is his nephew and entitled to succession rights. Although three other named respondents also sought succession, the claims of two were dismissed on summary judgment.
Prior to the commencement of trial, the court determined that tenant surrendered possession of the apartment, stating tenant "gave up his rights. He is no longer the tenant of record . . . because he's relinquished his tenancy . . . and is no longer part of this case . . . done, [e]nd of story, [n]ot revisiting that." The evidence at trial was therefore limited to Toure's succession claim. Despite this pretrial ruling, the court ultimately dismissed the petition after trial on the ground that landlord failed to prove that the tenant had either permanently vacated or [*2]did not primarily reside at the premises. 
Upon landlord's appeal, we reverse and order a new trial. Landlord justifiably relied upon the court's pretrial ruling limiting the scope of the issues to be litigated to Toure's succession claim. Nor was landlord afforded any opportunity to alter its trial strategy and, perhaps, present proof of tenant's nonprimary residence, had it known the court's pretrial ruling would be changed after the fact. In the circumstances, a new trial is required as to all issues (see RH 528 W. 159 St. L.P. v Timofeeva, 72 Misc 3d 129[A], 2021 NY Slip Op 50616[U] [App Term, 1st Dept 2021]; 1504 Assoc., L.P. v Wescott, 41 Misc 3d 6 [App Term, 1st Dept 2013]; Royal Terrace Assoc. LP v Singh, 39 Misc 3d 135[A], 2013 NY Slip Op 50582[U] [App Term, 1st Dept 2013]).
Nor was landlord entitled to summary judgment against tenant. Tenant's conflicting statements do not demonstrate, as a matter of law, his intent to surrender possession of the stabilized apartment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 27, 2023